# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**　　　　　**CRIMINAL ACTION**

**VERSUS**

**JAMAL M. ROMAN**　　　　　　　　　　**NO. 06-146-RET**

## RULING ON MOTION TO CONTINUE TRIAL AND IN THE ALTERNATIVE TO EXCLUDE GOVERNMENT EXPERT WITNESSES

On September 27, 2006, the defendant, Jamal M. Roman ("Roman"), was charged in a thirty-count, second superseding indictment with conspiracy to commit mail fraud and bribery, five counts of mail fraud related to sales taxes, two counts of mail fraud related to payroll taxes, two counts of bribery, and forfeiture. Trial is set for April 4, 2011. On March 23, 2011, defendant filed a Motion to Continue the trial and, in the alternative, to Exclude Government Expert Witnesses. The Government filed opposition to the motion on March 24, 2011, and defendant filed a reply brief on March 28, 2011. A hearing on the motion was held on March 28, 2011.

In his motion, Roman contends that the Government violated Rule 16 of the Federal Rules of Criminal Procedure. Roman requests that the trial be continued to allow him an effective opportunity to prepare to confront the prosecution evidence, including documents intended for use during the prosecution case-in-chief. Roman maintains that the government has continued to refuse to identify which documents will be used during its case-in-chief, and there is little time remaining before the trial. In

Doc#1923

opposition, the Government contends that it complied with its Rule 16 discovery obligations with regard to making documents available for review and copying years ago. The Government contends that Rule 16 does not require the government to label each and every document which it produces in discovery—specifying whether the government intends to use such document during its case-in-chief or whether the document is being produced for other reasons.

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Roman contends that on December 28, 2006, he made his first request to the government for Rule 16 discovery including documents the government intends to use in its case-in-chief. Roman contends that he was provided with a Chart purporting to show "Reported Sales Figures" in comparison to "Actual Sales Figures." Roman contends that the Chart did not identify supporting documentation, and for the next several years, Roman continued to make requests for the identification of documents, including documents intended for use during the government's case-in-chief, and other discovery pursuant to Rule 16. Roman asserts that the government responded that

Roman's representatives should go to the prosecution document room in the federal building to obtain the requested documents. When his defense counsel and his representatives went to the document room, they found that the room contained over fifty boxes of documents, none of which were marked in any way to identify those documents intended for use during the government's case-in-chief.

Roman maintains that on February 9, 2011, his counsel made another request for documents intended for use by the government in its case-in-chief, and documents supporting the Chart, and also sought any summaries of expert witnesses as well as a listing of the expert's qualifications and basis of the expert's testimony. In response, the Government identified eleven boxes which contain supporting documentation for the Chart, but, again, did not identify documents intended for use in the government's case-in-chief. Thereafter, the Government notified Roman that it would not use the Chart at trial.

In opposition to Roman's claims, the Government contends that all of the discovery consists primarily of documents organized and contained in approximately fifty boxes. The Government notes that it identified and made available another set of approximately thirty boxes, but explained that it did not intend to present any information from those boxes at trial. The Government asserts that most of the documents in question came from Roman. Additionally, the Government indicated that the boxes break down as follows:

- Approximately thirteen (13) boxes consists of records, including hard copies of files found on the defendant's computers, obtained

through executing search warrants at the defendant's restaurants and residence.

- Approximately twenty-three (23) boxes consist of records obtained directly from the defendant through grand jury subpoenas.

- Approximately seven (7) boxes consist of bank records related to accounts maintained and controlled by the defendant.

- Approximately three (3) boxes consist of records from payroll companies, an accounting firm, and the Louisiana Department of Labor.

- Approximately five (5) boxes consist of sales and use tax records filed by the defendant.

The Government asserts that shortly after indictment and Roman's initial appearance, the boxes were made available to the defendant for reviewing and copying but, throughout 2007 and 2008, Roman never attempted to review or copy the discovery materials. The Government maintains that in November, 2009, Roman's defense counsel visited the government document room, made an index of the boxes, and had one box copied. The Government contends that no other visits to the document room where made in 2009 and the defense never attempted to visit the document room in 2010. The Government argues that the Government is not required to assist defense counsel in his review of discovery materials disclosed years ago and identify its likely trial exhibits well before trial.

First, the court notes that Rule 16 of the Federal Rules of Criminal Procedure is completely silent on the form which discovery must take. Rule 16 does not indicate that discovery materials must be organized or indexed. Second, the rule does not

require that the government specify from among the mass of discovery documents made available to the defendant, which documents the government intends to use in its case-in-chief at trial.[1] Rule 16 only requires that the government allow defendant to inspect and to copy documents the government intends to use in its case-in-chief at trial. In this case, this obligation was met when the government made available to Roman the documents from which it intended to present information at trial. In this regard, the court finds it to be significant that most of the contents of the fifty boxes consisted of documents taken directly from Roman's computers or obtained by subpoenas directly from Roman and/or his business entities. Hence, Roman already had access to a majority of these documents. Accordingly, the Court finds that Roman has failed to establish a violation of Rule 16, and his request for a continuance of the trial on that basis will be denied.

Rule 404(B)

Roman contends that the Government submitted two notices of 404(B) evidence, the first was received on March 17, 2011 and the second on March 20, 2011 by email. Roman contends that these notices come too late for meaningful preparation to respond to the evidence. In the first notice, Roman is notified that the government intends to introduce evidence that Roman engaged in sales tax fraud since the late 1990s. In the second notice, Roman is notified that the government may introduce evidence that Roman under-reported his income tax to the state and federal

---

[1] See **U.S. v. Casey,** 356 F. Supp.2d 681, 687 (S.D. Tex. 2005).

governments.

The court has reviewed Roman's Rule 404(B) argument and will defer, until trial, a decision on whether this evidence should be excluded.

Exclusion of Expert Witnesses

In the alternative, Roman seeks the exclusion of expert witnesses recently identified by the government as witnesses for the trial. The following witnesses were identified as expert witnesses by the government: Mr. J. Robert Marsh; Mr. Jared Myers; FBI Special Agent Larry Jones; and Special Agent Maurice Hattier. Roman contends that these witnesses should be excluded because of untimeliness and lack of expert identification as required by Rule 16 of the Federal Rules of Criminal Procedure.

During the hearing on this matter, the government indicated that it did not intend to call FBI Special Agent Larry Jones and Special Agent Maurice Hattier as expert witnesses at trial. Since the government has indicated that it does not intend to call these two witness as experts, the Court finds that this issue is moot as to these witnesses.

With regard to Mr. J. Robert Marsh and Mr. Jared Myers, at the hearing, the government did not indicate whether these witnesses would be called to testify at trial and/or whether they will be called as expert witnesses. Therefore, the Court will reserve its ruling on the admissibility of their testimony until the trial of this matter.

Accordingly, for the foregoing reasons:

IT IS ORDERED that the Motion to Continue (Doc. No. 144) filed by defendant Jamal M. Roman, is hereby DENIED.

IT IS FURTHER ORDERED that the alternative Motion to Exclude Expert Witnesses, filed by defendant Jamal M. Roman, is DENIED AS MOOT as to the witnesses, FBI Special Agents Larry Jones and Maurice Hattier. If necessary, at the trial of this matter, the Court will determine whether Mr. J. Robert Marsh and Mr. Jared Myers may testify as expert witnesses.

Baton Rouge, Louisiana, this 29th day of March, 2011.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**